IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DAVID MICHAEL BEACHER and § | CASE NO. 06-37157-H2-7 | |
| STACEY MICHELE BEACHER § | | |
| § | | |
| _____ § | | |
| § | | |
| IN RE: § | CASE NO. 06-35550-H2-7   X | |
| MICHAEL ANTONIO PENA and § | | |
| ELIZABETH ANN PENA § | | |
| § | | |

# MEMORANDUM OPINION
# FINDING OF FACTS AND CONCLUSIONS OF LAW REGARDING
# DEBTORS' MOTIONS TO EXCUSE THE FILING OF FORM B22A

In case # 06-37157, docket # 7, and in case # 06-35550, docket # 38, debtors seek relief from the requirement to file Bankruptcy Official Form B22A for chapter 7 debtors whose debts are not primarily consumer debts. Judges Isgur and Steen scheduled a joint hearing because counsel in one of the cases requested *en banc* consideration and because the issues appeared to be very similar.

For reasons set out below, and by separate orders issued in the separate cases, David and Stacey Beacher ("Mr. and Mrs. Beacher") are relieved of the obligation to file Form B22A in case # 06-37157, provisionally and subject to reconsideration if objection to the provisional order is filed timely. And for reasons set forth below, the Court determines that Michael and Elizabeth Pena ("Mr. and Mrs. Pena") were not required to file Form B22A in case # 06-35550 and therefore by separate order issued the dismissal of the case is vacated and a discharge will be issued in due course. These findings and conclusions are issued jointly by Judges Steen and Isgur and are entered in both cases in support of the respective orders.

The procedures set forth in this memorandum opinion may change if an alternative procedure is adopted in the local rules. Pending adoption of an appropriate local rule, Judges Bohm, Isgur, Schmidt, and Steen will be following the procedures set forth in this memorandum opinion.

I.   **FACTS**

A.   Judge Steen's Findings of Fact in Case # 06-37157

On December 18, 2006, Mr. and Mrs. Beacher filed a petition for relief under Chapter 7 of the Bankruptcy Code. On the same date that they filed their petition, Mr. and Mrs. Beacher filed a motion to excuse the requirement of filing Form B22A, alleging that their debts are not

primarily consumer debts and alleging that Form B22A is not required when an individual's chapter 7 debt is not primarily consumer debt.

Four days after the motion was filed, the Court issued an order setting the hearing. Eleven days after the order and notice, the Court held the hearing. The hearing was too expedited to allow for adequate discovery, cross examination, and a true adversarial presentation, but the evidence that Mr. and Mrs. Beacher presented suggested that approximately 42% of their obligations were consumer debts and that 58% of their debts were incurred to start businesses that failed.

      B.      Judge Isgur's Findings of Fact

Mr. and Mrs. Pena filed their bankruptcy case on October 13, 2006. The Court issued an order dated October 18, 2006, (docket # 6) that required Debtors to file Form B22A within 45 days after the case was filed. Mr. and Mrs. Pena did not file Form B22A or otherwise respond to the order. The creditors' meeting was held November 14, 2006, and the trustee abandoned all assets. On December 20, 2006, the Court issued an order dismissing the case for failure to file Form B22A. On December 22, 2006, Mr. and Mrs. Pena filed an emergency motion to vacate the dismissal order, alleging that Mr. and Mrs. Pena's debts were not primarily consumer debts.

After hearing the evidence adduced at the hearing, Judge Isgur finds that Mr. and Mrs. Pena's debts are not primarily consumer debts. The case is substantially more mature than the Beacher case. There has been adequate time to determine whether the Pena's debts are primarily consumer debts. No party in interest has indicated any interest in asserting that Mr. and Mrs. Pena's debts are primarily consumer debts or that Mr. and Mrs. Pena are abusing chapter 7 of the Bankruptcy Code.

Nevertheless, Mr. and Mrs. Pena and their counsel refused to obey a court order. At the hearing, Mr. and Mrs. Pena's counsel could not explain why he had failed to represent his clients properly by not seeking a determination of the applicability of the court order prior to dismissal.

II.     **ANALYSIS**

      A.      Bankruptcy Code

           1.  Bankruptcy Code § 101(8)

The term "consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose.

           2.  Bankruptcy Code § 101(10A)

"Current monthly income" is a defined term meaning the average monthly income from all sources that the debtor receives, without regard to whether such income is taxable income, derived during the 6-month period ending on the last day of the calendar month immediately preceding the date of commencement of the case if the debtor files the schedule of current

income required by § 521(a)(1)(B)(iii); or the date on which current income is determined by the court if debtor does not file the schedule of current income required by § 521(a)(1)(B)(ii).

3.  Bankruptcy Code § 521

Bankruptcy Code § 521(a)(1)(B) requires debtors to file certain information "unless the court orders otherwise." Section 521(a)(1)(B)(ii) requires debtors to file "a schedule of current income and current expenditures". Section 521(a)(1)(B)(v) requires debtors to file "a statement of the amount of monthly net income itemized to show how the amount is calculated…"

If debtors fail to file the required information "within 45 days after the date of the filing of the petition," the case is automatically dismissed, by explicit provision of the statute, "effective on the 46th day after the date of filing of the petition." Bankruptcy Code § 521(i)(1).

4.  Bankruptcy Code § 707(b)(2)(C)

Bankruptcy Code § 707(b)(2) applies only in chapter 7. It requires dismissal or conversion of a case filed by an individual debtor whose debts are primarily consumer debts if granting bankruptcy relief would be abusive of chapter 7. To facilitate that determination, § 707(b)(2)(C) requires the petitioner to file "as part of the schedule of current income and expenditures required under section 521" a calculation to determine "whether a presumption arises." (Emphasis supplied.) Since the requirement to file the calculation is a subsection of § 707(b)(2), and since § 707(b)(2) only applies to debtors whose debts are primarily consumer debts, the requirement to file the calculation only applies to debtors whose debt is primarily consumer debt. However, if the debts are primarily consumer debts, then the requirement to file the calculation is statutorily deemed to be "part of" the schedules of income and expense.

These provisions were enacted by BAPCPA, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (codified as amended at 11 U.S.C. §§ 101-1532).

B.  Federal Rules of Bankruptcy Procedure and Official Forms

Because there was insufficient time to adopt modifications to the Federal Rules of Bankruptcy Procedure between the enactment of BAPCPA and its effective date, all courts (including the Bankruptcy Court for the Southern District of Texas) adopted certain uniform "interim rules."

Interim Rule 1007(b)(4) requires an individual debtor in a chapter 7 case with primarily consumer debts to file a statement of current monthly income.

There was time, however, to adopt Official Forms. BAPCPA amended 28 U.S.C. § 2075 specifically to require the Supreme Court to "prescribe a form for the statement required under § 707(b)(2)(C)." Official Form 22A is intended to implement the requirements of that subsection of the statute and the applicable requirements of the bankruptcy rules. The

Committee Notes make it very clear that the purpose of Form B22A is merely to determine whether the statutory presumption of abuse arises under § 707(b)(2). Form B22A states:

> In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor … whose debts are primarily consumer debts.

C.  Analysis of the statute, the rules, and the form.

Section 521 requires (1) a schedule of current income and expenses (§ 521(a)(1)(B)(ii)), and (2) an itemization of the statement of monthly net income (§ 521(a)(1)(B)(v)). Schedules I and J satisfy those requirements. Those forms include a schedule of income, a schedule of expenses, and a computation of monthly net income. As the U.S. Trustee notes in his memorandum in this case, bankruptcy schedules I and J were both revised in October 2005 specifically to address the requirements of § 521. Schedules I and I satisfy the requirements of § 521(a)(1)(B)(ii) and (v) unless § 707(b)(2)(C) applies.

If the debtor's debts are not primarily consumer debts, § 707(b)(2) does not apply and one never gets to § 707(b)(2)(C). Therefore, the statute does not require the filing of Form B22A <u>unless</u> the debtor's debts are primarily consumer debts.

Although the statute defines "consumer debt," it does not define "primarily." In this case, the U.S. Trustee argues that "primarily consumer debt" means that more than 50% of the <u>amount</u> of debt is consumer debt, without regard to whether more than 50% of the <u>number</u> of debts is consumer debt. Counsel for Debtors agreed and the Court so holds.

However, if the debtor's debts <u>are</u> primarily consumer debts, then the information in Form B22A must be filed <u>as part of</u> the information regarding income and expenditures, in effect the statute "deems" § 707(b)(2)(C) requirements to be part of § 521(a)(1)(B) requirements <u>if</u> the debtor's debts are primarily consumer debts. Section 521(i)(1) provides for automatic dismissal of a case if the debtor has not timely filed the information required by § 521(a)(1)(B). Once the 45 day period has expired, the Court has no authority to extend the time or to excuse the failure to file, whether the failure was negligence or otherwise.

Therefore, individual chapter 7 debtors have three choices: (1) file Form B22A in all cases, incurring substantial time and expense in some cases to provide data that is not required and that has no use in the bankruptcy case; (2) obtain a judicial determination during the first 45 days of a case that the debts are not primarily consumer debts, or (3) refuse to file Form B22A and run the risk that the court may at some indeterminate future time conclude that debts were primarily consumer debts and that the case has been automatically dismissed by the explicit terms of the statute.

None of these alternatives is reasonable or acceptable. The first violates the legal maxim that "The law requires no one to do vain or useless things." 5 Coke 21. The second is wasteful of judicial resources. In many cases, the outcome is obvious, or is meaningless. Since both the courts and the U.S. Trustee have limited resources, those resources could be better applied to situations of true abuse rather than to assure meaningless, but punctilious, preparation and filing

of bankruptcy forms. The third requires debtors to run more risk than is reasonable. It could also result in "automatic" dismissals, unknown to trustees and to other parties in interest, including purchasers of assets in bankruptcy cases, which could call into questions all orders and transactions after the 45th day of a case.

The Courts have struggled with interpretation of these statutory requirements and application of the rules and forms.

    D.    Jurisprudence

    *1. In re Moates*

The Bankruptcy Court of the Northern District of Texas was the first to address the issue, *In re Moates*, 338 B.R. 716 (Bankr. N.D. Tex. 2006). In that case, the United States Trustee argued that an individual debtor whose debts are not primarily consumer debts should not be required to complete Form B22A. The court agreed with the U.S. Trustee position that "Schedules I and J, which itemize the debtor's current income and current expenditures, satisfy the requirements of § 521(a)(1)(B)(v)" in business, non-consumer chapter 7 cases. As *Moates* concludes

> Form B22A (Chapter 7) titled *Statement of Income and Means Test Calculation* requires, as the title implies, detailed information needed for the means testing that is done in determining whether a presumption of abuse exists. Additionally, the form is far more extensive than what presumably would be contemplated by the phrase "monthly net income." Section 707(b) applies only to individual debtors whose debts are primarily consumer debts.

338 B.R. at 717. The *Moates* court found that Schedules I and J clearly provided a statement of the debtor's monthly net income and noted the absurdity of requiring a debtor to file essentially the same information twice. *Id.* at 718.

    *2. In re Copeland*

The same issue came before Bankruptcy Judge Clark in the Southern District of Texas. The court acknowledged the decision of *In re Moates* but disagreed on the grounds that a statute should be read to avoid rendering its language redundant. *In re Copeland*, 2006 Bankr. Lexis 2200 (Bankr. S.D. Tex. 2006). Here, the court reasoned that § 521(a)(1)(B)(ii) and (v) require different things: a "schedule of current income and current expenditures" and "a statement of current monthly income."[1] The *Copeland* decision seems to view Form B22A as implementing § 521(a)(1)(B)(v) instead of § 707(b)(2)(C), because it concludes that had Congress intended for

---

[1] *Copeland* bases its decision on § 521(a)(1)(B)(v) requiring the defined term "current monthly income." *Copeland*, 2006 Bankr. Lexis 2200, 5. The actual language of the statute requires debtor to file a statement of "monthly net income," an undefined term. Although *Copeland* properly notes this distinction, it does not reconcile these with § 707(b)(2)(C). In *Copeland*, the debtors (i) failed to advise the Court of the existence of § 707(b)(2)(C); and (ii) filed their means test before the Court issued its unpublished opinion. The case was not dismissed.

§ 521(a)(1)(B)(v) to be applicable only to individuals with primarily consumer debts, it would have done so.

### 3. Reconciliation of Moates, Copeland, and the analysis of this opinion

The undersigned bankruptcy judges believe that *Moates* and *Copeland* focused on the language of § 521(a)(1)(B)(ii) and (v) in determining whether Form B22A was required, rather than focusing on § 707(b)(2)(C). But the undersigned bankruptcy judges recognize that those decisions are thoughtful and reasonable analyses of the issues.

Regardless of the path that one takes to resolution of the question posed by the debtors in these cases, the statute accommodates a procedure in which Form B22A is not required from chapter 7 individual debtors whose debts are not primarily consumer debts. Bankruptcy Code § 521(a)(1)(B) requires information "unless the court orders otherwise." Since the only use of Form B22A is to determine whether a presumption of abuse applies to individual chapter 7 debtors whose debts are primarily consumer debts, the Court can and should exercise its authority under § 521(a)(1)(B) to waive the requirement when filing the form would be a useless exercise. The U.S. Trustee agrees with that proposition.

### III.   POSITION OF THE U.S. TRUSTEE

The U.S. Trustee filed a memorandum of authorities that parallels the memorandum filed in *Moates*. The Court gives significant weight to the views of the U.S. Trustee on this question because the information provided by Form B22A is principally for the use of the U.S. Trustee. It is important that the entity for whose benefit the form was designed does not believe that the form is required. In addition, the Court finds the U.S. Trustee memorandum and analysis of the law to be cogent, concise, and compelling.

While recognizing that the form is useless when filed by a debtor whose debts are not primarily consumer debts, the U.S. Trustee argued persuasively that he should have the opportunity to challenge a debtor's contentions about whether his or her debts are primarily consumer debts. And the U.S. Trustee reasonably argued that he should have an opportunity to evaluate a debtor's schedules and other information and all facts and circumstances of the case prior to any final adjudication that Form B22A is not required.

### IV.   CONCLUSION

#### A.   In General

The data required, and the calculations required, by Form B22A are substantial. Filing the form as a mere precaution, or seeking judicial determination in all cases, wastes precious resources of debtors, of the U.S. Trustee, and of the Court. However, § 521(i)(1) is inflexible both as to the consequences of failure to file the information (if it is required) and as to the length of time that the Court can extend the deadline if an extension is requested. Debtors must not be

put between Scylla and Charybdis, either filing the form or not finding out until too late that they were required to file it.[2]

To implement Congressional policy without requiring vain and useless expenditure of resources, the Court will implement the following procedures.

1. Debtors whose debts are primarily consumer debts must file Form B22A timely.

2. If a debtor contends that his or her debts are not primarily consumer debts, the debtor may file a statement, under penalty of perjury, to that effect. If debtor is represented by counsel, counsel must sign the statement subject to FRBP 9011.[3] Counsel must use the form which is attached to this order, a copy of which will be posted on the Court's website.

If the statement described in paragraph 2 is submitted, the Court will, under authority of § 521(a)(1)(B) (*i.e.* the Court's authority to "order otherwise") issue an order that (a) provisionally excuses the debtor from filing Form B22A, (b) notifies all parties in interest that the provisional[4] order becomes final 90 days after the case was filed unless a party in interest objects and requests a hearing, or the court orders otherwise, prior to the 90th day, and (c) extends the deadline for filing Form B22A (if the Court eventually determines that one is required) to a date set by the Court.

These procedures were not available when the parties filed their bankruptcy cases. Therefore the Court has ordered appropriate relief in these specific cases based on the relief that the parties requested and the facts of their specific cases.

---

[2] Scylla and Charybdis, of Greek mythology, are two immortal monsters who beset the narrow waters traversed by hero Odysseus in his wanderings. Scylla is a rock, described as a supernatural creature, with 12 feet and 6 heads on long, snaky necks, each head having a triple row of sharklike teeth, while her loins were girt with the heads of baying dogs. From her lair in a cave she devoured whatever ventured within reach, including six of Odysseus' companions. Oxford English Dictionary 576 (2d ed. 1991). Charybdis is a dangerous whirlpool, opposite Scylla. The phrase is used allusively of anything likely to cause the danger of running into one evil or peril in seeking to avoid its opposite. 10 The New Encyclopedia Britannica 51 (15th ed. 1994).

[3] That rule states that by presenting to the court (whether by signing, filing, submitting, or later advocating) an "other paper" counsel certifies that to the best of counsel's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the statement is not presented for any improper purpose, that the allegations are warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law, that the allegations have evidentiary support or if to the extent specifically so identified are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

[4] "Provisional" meaning "not final or definitive." The determination is made for the time being; it is made pending time for consideration, discovery, possible objection, and a final determination.

B.	The Beacher Case

Mr. and Mrs. Beacher filed their motion on December 18, 2006, the same date that they filed their bankruptcy case. The meeting of creditors was set for January 11, 2007. The U.S. Trustee reasonably argues that he needs additional time to determine whether to contest their allegation that their debts are not primarily consumer debts. Neither the U.S. Trustee nor Mr. and Mrs. Beacher objected to a provisional determination that the debts are not primarily consumer debts.

Therefore, to adopt the procedures described above and based on the evidence adduced at the hearing, the Court provisionally concludes that Mr. and Mrs. Beacher's debts are not primarily consumer debts. This provisional determination will become final 90 days after the case was filed, March 19, 2007,[5] unless a party in interest files an objection to the order and requests a hearing. An objection must be filed on or prior to March 19 unless the Court on its own motion reconsiders the matter on or before March 19. If an objection is filed, the Court will schedule a hearing. If the Court determines that Mr. and Mrs. Beacher must file Form B22A, the Court will set a deadline for Mr. and Mrs. Beacher to file the form.

C.	The Pena case

The Pena case is substantially more mature than the Beacher case, and no party in interest has indicated any interest in asserting that Mr. and Mrs. Pena's debts are primarily consumer debts, or that Mr. and Mrs. Pena are abusing chapter 7 of the Bankruptcy Code. Based on the evidence presented at the hearing, the Court concludes that Mr. and Mrs. Pena's debts are not primarily consumer debts. Therefore, Mr. and Mrs. Pena were not required to file Form B22A and the order dismissing the case was issued in error. The dismissal order will be vacated by separate order.

The Court notes that counsel for Mr. and Mrs. Pena should have sought relief from the Court's order requiring Mr. and Mrs. Pena to file Form B22A, but counsel did not. The effort necessary to vacate the dismissal, and the risk that Mr. and Mrs. Pena faced if they had not prevailed at this hearing, was unnecessary. Therefore, under authority of Bankruptcy Code § 329, counsel is prohibited from charging and from collecting any fee relating to this contested matter to vacate the dismissal of the case.

January 26, 2007


   /s/   Marvin Isgur                    	   /s/   Wesley W. Steen              
United States Bankruptcy Judge	United States Bankruptcy Judge

---

[5] Allowing for the fact that the 90th day, March 17, is a Saturday.

# FORM FOR REQUESTING RELIEF FROM REQUIREMENT TO FILE FORM B22A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**_____ DIVISION**

| | | |
|---|---|---|
| **Debtor** | § | **Case #:** |
| | § | |
| | § | **Chapter 7** |

### APPLICATION FOR WAIVER OF REQUIREMENT TO FILE FORM B22A

I (we) certify, under penalty of perjury, that **LESS THAN** 50% of the debts in this case were for personal, family or household use. We ask to be excused from the requirement to file Form B22A.

_____         _____
Date                                                                         (Signature of Debtor)


_____         _____
Date                                                                         (Signature of Co-Debtor)

Respectfully submitted,


_____         _____
Date                                                                         Debtor's counsel
                                                                                     [Signature Block of Debtor's Counsel]

# FORM ORDER FOR RELIEF FROM REQUIREMENT TO FILE FORM B22A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

| | | |
|---|---|---|
| **Debtor** | § § § | Case #:<br><br>Chapter 7 |

ORDER GRANTING PROVISIONAL RELIEF
FROM REQUIREMENT TO FILE FORM B22A
<u>AND NOTICE OF OPPORTUNITY TO OBJECT</u>

This order is issued under authority of Bankruptcy Code § 521(a)(1)(B) to "order otherwise" with respect to a debtor's requirement to file schedules and other information.

The Debtor(s) (through counsel if applicable) having filed the requisite certification that Debtor(s)' debts are not primarily consumer debts, it is <u>provisionally</u> ordered that Debtor is relieved from the requirement to file bankruptcy Form B22A.

This order is not a final order. The order becomes final 90 days after the date that the bankruptcy petition was filed unless:

1. A party in interest objects prior to the date that the order becomes final and requests a hearing on the objection; or

2. The Court orders otherwise prior to the date that the order becomes final.

If the Court orders Debtor(s) to file Form B22A under the provisions of the preceding two paragraphs, the Court will set a deadline by which the form must be filed.

An objection and request for hearing must be served on all parties in interest when it is filed.

Within 5 business days of entry of this order, Debtor shall serve a copy of this order on all parties in interest and file a certificate of service with the Court.

_____          _____
             (Date)                                                                    U.S. Bankruptcy Judge